UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Gregory Alan Gaylor

    v.                          Civil No. 08-cv-284-JD

Warden, New Hampshire
State Prison, et al.[1]

**REPORT AND RECOMMENDATION**

    Pro se petitioner Gregory Alan Gaylor has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he challenges an order of May 12, 2006 clarifying the sentence imposed by the New Hampshire state court (document nos. 1 and 4).  The petition is before me for preliminary review.  See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)

---

    [1]As petitioner is in custody at the New Hampshire State Prison ("NHSP"), I construe the sole respondent to be the warden of that facility.  See Habeas Rule 2 (where petitioner is in custody pursuant to a state judgment, the state officer having custody of the petitioner shall be named as respondent).

1

(authorizing the magistrate judge to preliminarily review pro se pleadings).  For the reasons stated below, I conclude that the petition is successive and, therefore, recommend that it be dismissed without prejudice for lack of subject matter jurisdiction.

## Background[2]

This action arises from Gaylor's original 1999 conviction and sentencing on four charges, which were imposed in absentia.[3]  Three of the charges (469, 471 and 474) were for theft and the fourth (468) was for tax evasion.  See Gaylor v. Bush, et al., 05-cv-339-PB, slip op. at 1-2 (D.N.H. June 21, 2006).  On June 29, 1999, the New Hampshire Superior Court (Merrimack County) imposed 7-1/2 to 15-year sentences on charges 469 and 471 and 3-1/2 to 7-year sentences on charges 468 and 474.  Id.  The superior court specified that the sentences on charges 469 and 471 were to be concurrent with each other, the sentences on charges 468 and 469 were to be consecutive to each other, and the

---

[2] A detailed description of Gaylor's state court proceedings is provided in Gaylor v. Warden, No. 04-cv-372-PB, slip op. at 1-2 (D.N.H. Jan. 24, 2006) and Gaylor v. Bush, et al., 05-cv-339-PB, slip op. at 1-3 (D.N.H. June 21, 2006).

[3] While the jury was deliberating, Gaylor fled to Switzerland.  See Gaylor v. Warden, slip op. at 1-2.

sentence on charge 474 was to be consecutive to both the sentence on charge 468 and the sentence on charge 469. Id.

Gaylor was later detained in Switzerland. The Swiss government approved his extradition on the theft charges (469, 471 and 474) but refused his extradition on the tax evasion charge (468). Id. at 2. Following Gaylor's extradition, the New Hampshire Department of Corrections erroneously treated him as if he had been sentenced to serve concurrent sentences on charges 468, 469 and 471. Consequently, it simultaneously credited him for "good time" earned on all three sentences even though his sentence on charge 468 was intended to be consecutive to his sentence on charge 469. Id.

While his state court appeals were pending, Gaylor filed a federal petition for habeas corpus relief with this Court on September 28, 2005 (05-cv-339-PB).[4] His federal petition raised the following claims relevant to this action:

> (1) the Department of Corrections violated Article 16(1) of the extradition treaty between Switzerland and

---

[4] Gaylor filed two previous petitions for federal habeas corpus relief. The first petition, filed on January 9, 2001, was dismissed without prejudice for failure to exhaust. See Gaylor v. Warden, et al., No. 01-cv-013-PB (D.N.H. May 31, 2001). The second petition, filed on October 5, 2004, was denied as time-barred. See Gaylor v. Warden, No. 04-cv-372-PB, slip op. at 4-19 (D.N.H. Jan. 24, 2006).

>   the United States[5] by detaining Gaylor on charge 468
>   even though he was not extradited on that charge;
>
>   (2) the order of May 2006 rescinded Gaylor's
>   confinement credit for sentence 468;
>
>   (3) Gaylor served five years of the excluded sentence,
>   therefore, "re-entry of the same sentence as a
>   consecutive detainer sentence" violated his Fourteenth
>   Amendment right to due process and the Fifth Amendment
>   prohibition against double jeopardy; and
>
>   (4) the order of May 2006 created a consecutive
>   detainer for sentence 468.

On June 21, 2006, this Court (Barbadoro, J.) dismissed the petition and reasoned:

>   Even if I assume that Gaylor is correct in claiming
>   that the Department of Corrections violated the
>   extradition treaty, any harm that Gaylor suffered as a
>   result of the violation was fully addressed by the
>   state court's order [of May 12, 2006] granting the
>   state's motion to stay the sentence on charge 468.  As
>   it now stands, Gaylor is serving only the sentences on

---

[5]The extradition treaty between Switzerland and the United States provides in pertinent part that:

>   [a] person who has been extradited shall not be
>   detained, proceeded against or sentenced for any
>   offense committed prior to surrender other than that
>   for which extradition has been granted . . . unless . .
>   . that person, after being free to do so, does not
>   leave the territory of the Requesting State within 45
>   days or, after leaving, voluntarily returns to it; or
>   that person, not being free to do so, leaves the
>   territory of the Requesting State and returns to it.

Extradition Treaty, Nov. 14, 1990, U.S.-Switzerland, Article 16(1), 1990 WL 624655.

>which he was extradited.  He has been given full credit
>against these sentences for all time he has served
>since his extradition.  He cannot be made to serve any
>portion of his sentence on charge 468 until he
>completes his sentences on the charges for which he was
>extradited and is given an opportunity to leave the
>United States.  He is entitled to nothing more.
>Therefore, his motion to reconsider . . . is denied
>and his habeas corpus petition is dismissed.

Gaylor v. Bush, et al., slip op. at 4.

While Gaylor's federal petition was pending, the New Hampshire Superior Court issued an order on May 12, 2006, granting the state's motion to stay the imposition of the sentence on charge 468.  Id.  The court further ordered that:

>(1) Gaylor shall continue to serve his sentences on
>charges 469 and 471 and receive appropriate confinement
>credit for those charges; (2) Gaylor shall serve the
>sentence on charge 474 after he has completed his
>sentences on charges 469 and 471; and (3) Gaylor shall
>be given 45 days after he completes his sentences on
>charges 469, 471 and 474 to leave the United States
>before he can be required to serve his sentence on
>charge 468.

Id. at 2-3.

On May 23, 2006 the superior court denied Gaylor's Motion to Correct Sentence 98-S-474 and Vacate the Consecutive Aspect; it appears that the superior court further denied his motion to reconsider on August 25, 2006.  On May 31, 2006, Gaylor filed a petition to vacate the sentencing order in which he raised the

5

following claims relevant to this action:

> 1) the May 2006 sentencing order effectively created a new sentence for charge 468, thereby converting that sentence to a consecutive detainer with a minimum sentence in excess of the statutory maximum; because the new sentencing order created multiple sentences for the same offense, the order and new sentence violated Gaylor's Fourteenth Amendment right to due process and the Fifth Amendment prohibition against double jeopardy;
>
> 2) by failing to credit Gaylor for time served since August 10, 2000, the May 2006 sentencing order and the new sentence violated his Fourteenth Amendment right to due process and the Fifth Amendment prohibition against double jeopardy; and
>
> 3) the May 2006 sentencing order rescinded more than sixty-nine months of confinement credit (regarding sentence 468) and good conduct credit, in violation of New Hampshire Revised Statute Annotated ("RSA") § 651-A:22 and in violation of Gaylor' Fourteenth Amendment right to due process.

The superior court construed the petition as a motion and denied it on March 16, 2007. The court denied Gaylor's motion for reconsideration on April 20, 2007. While the record is not entirely clear, it appears that on April 26, 2007, Gaylor filed an appeal with the NHSC, identified as a motion for reconsideration, which was denied on May 25, 2007.

While the above motions were pending, Gaylor filed a discretionary appeal with the NHSC on December 1, 2006 in which he raised the following claim relevant to this action: did the

May 2006 sentencing order violate Gaylor's Fourteenth Amendment right to due process and the Fifth Amendment prohibition against double jeopardy. The record is unclear as to the NHSC's disposition of that appeal.

On May 29, 2007, Gaylor filed an appeal with the New Hampshire Supreme Court in which he raised the following claims relevant to this action:

> 1) did the superior court err by rescinding more than sixty-nine months of confinement credit and "good time" credit under RSA 651-A:22;
>
> 2) did the superior court err by subdividing sentence 468 into two separate installments when Gaylor had already served more than sixty-nine months on the original June 29, 1999 sentence;
>
> 3) did the superior court err by creating a new consecutive detainer sentence with an effective minimum in excess of the statutory maximum for a class B felony; and
>
> 4) did the resentencing violate Gaylor's right to due process and right to be free from double jeopardy.

The NHSP declined his appeal on July 12, 2007.

Gaylor now brings the instant federal petition, challenging the order of May 12, 2006. I liberally construe his petition to raise the following four grounds for habeas corpus relief:

> (1) the order of May 12, 2006 rescinded more than sixty-nine months of confinement credit and good conduct credit, as provided to Gaylor under RSA 651-

A:22, in violation of his Fourteenth Amendment right to due process (Ground One);[6]

(2) the order of May 2006 failed to credit Gaylor for time served, in violation of the Fifth Amendment prohibition against double jeopardy, as made applicable to the states through the Fourteenth Amendment (Ground Two);

(3) the order of May 2006 effectively created a new sentence for charge 468, thereby converting that sentence to a consecutive detainer with a minimum sentence in excess of the statutory maximum, in violation of Gaylor's Fourteenth Amendment right to due process (Ground Three); and

(4) the new consecutive detainer for charge 468 may be called forward indefinitely, in violation of Gaylor's Fourteenth Amendment right to due process (Ground Four).

## Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining

---

[6]With regard to Gaylor's due process claim, I liberally construe his invocation of the Fifth Amendment as a reference to the identical provisions of the Fourteenth Amendment, which applies to the states. See McSpadden v. Wolfe, Civil Action No. 07-1263, 2008 WL 910010, slip op. at *11 (E.D. Pa. 2008).

that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

### Discussion

The instant petition, filed on July 15, 2008, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996) (April 24, 1996), codified as amended at 28 U.S.C. § 2244 (b). See Pratt v. United States, 129 F.3d 54, 56, 58 (1st Cir. 1997). "AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward."  Id. at 57 (citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)).  Thus, before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).  A district court faced with an unapproved second or successive petition therefore must either

dismiss it or transfer it to the appropriate court of appeals. See United States v. Barrett, 178 F.3d 34, 40-41 (1st Cir. 1999) (citing Pratt, 129 F.3d at 57).

    Here, Gaylor challenges an order issued by the New Hampshire state court on May 12, 2006. Gaylor challenged the same order in a prior federal petition filed with this Court on September 28, 2005; that petition was dismissed. See Gaylor v. Bush, et al., 05-cv-339-PB, slip op. at 1-3 (D.N.H. June 21, 2006). In the prior petition, he asserted that (1) the order of May 2006 rescinded his confinement credit for sentence 468; (2) he served five years of the excluded sentence and that "re-entry of the same sentence as a consecutive detainer sentence" violated his Fourteenth Amendment right to due process and the Fifth Amendment prohibition against double jeopardy, and (3) the order of May 2006 created a consecutive detainer for sentence 468. Thus, it is clear that the claims raised in the prior petition are similar to those raised in the instant petition. Because Gaylor's prior petition was adjudicated on the merits, his instant petition is deemed a second or successive petition. Accordingly, he is required to seek an order from the First Circuit Court of Appeals authorizing this Court to consider his petition. 28 U.S.C. §

2244(b)(3)(A).

## Conclusion

For the reasons stated above, I conclude that Gaylor's petition is successive and, therefore, recommend that it be dismissed without prejudice for lack of subject matter jurisdiction.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the petition.

Any further objections to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: October 8, 2008

cc:   Gregory Alan Gaylor, pro se